Noor Staffing Group, LLC v 622 Third Ave., LLC (2021 NY Slip Op 03667)





Noor Staffing Group, LLC v 622 Third Ave., LLC


2021 NY Slip Op 03667


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Index No. 652230/18 Appeal No. 14039 Case No. 2021-00712 

[*1]Noor Staffing Group, LLC, Plaintiff-Respondent,
v
622 Third Avenue, LLC, Defendant-Appellant.


Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for appellant.
Kurzman Eisenberg Corbin & Lever, LLP, White Plains (Bruce W. Bieber of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 23, 2020, which denied defendant's motion for partial summary judgment dismissing the second cause of action, unanimously reversed, without costs, on the law, and the motion granted.
Defendant is the landlord of a building located at 622 Third Avenue and a portion of the seventh floor (the premises) is leased to plaintiff, a commercial tenant. At the time the lease was executed, the premises was largely open space that was to be constructed to the specifications agreed to between the parties. The seventh floor also had common walkways outside the premises, as well as restrooms that were gutted and to be rebuilt.
The lease provides, clearly and unambiguously, that landlord has the right "without . . . creating an actual or constructive eviction or incurring any liability to Tenant . . . to change the arrangement or location of such of the following as are not contained within the Demised Premises: . . . passageways . . . corridors . . . toilets, and other like public service portions of the Building. . ." Nonetheless, plaintiff seeks recovery on its second cause of action for breach of contract - condition of premises. It alleges that defendant's failure to have completed shared restrooms and corridors on the seventh floor caused it to have to use restrooms on different floors for the first several months of its tenancy, thereby costing it time, productivity, and embarrassment.
This provision of the lease precludes plaintiff's recovery related to defendant's construction work on the shared restrooms and corridors. "A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69 [1st Dept 2003], lv dismissed 2 NY3d 794 [2004]). First, it is clear from the terms of the lease that the restrooms and corridors were contained neither in the premises nor in the scope of work undertaken by the landlord pursuant to the terms of the lease. Moreover, the lease gave the landlord the right to change the arrangement or location of the restrooms and corridors without liability to the tenant. Dismissal is warranted when the documentary evidence — here, the lease — contradicts plaintiff's pleading and conclusively establishes a defense to the asserted claim as a matter of law (id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021